**STATE OF HAWAII**, Plaintiff–Appellee, v. **JAMES H. J. ESTRADA**, Defendant–Appellant

NO. 13855

(CR. NO. 87–0182(2))

MARCH 2, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an interlocutory appeal from an order below, based on findings of fact and conclusions of law, denying a motion to dismiss the indictment because of double jeopardy. Appellant, in his brief, has attacked other orders, and has also attacked the personal integrity of the judge at the original trial. We find no merit in those contentions. We reverse solely because appellant was exposed to double jeopardy by the indictment in this case because of the ex parte granting of the nolle prosequi of the complaint in the original case.

On June 29, 1985, during the course of an altercation between appellant James H. J. Estrada (appellant) and one Keith Taguma (Taguma), a Maui police officer, Taguma was wounded by a shot fired from his own weapon.

In Criminal No. 85-0280(3), in the Circuit Court of the Second Circuit, appellant was tried for attempted murder pursuant to an amended complaint. He was found guilty and sentenced to life without parole. He appealed, and this court, in *State v. Estrada*, 69 Haw. 204, 738 P.2d 812 (1987), reversed and remanded for a new trial.

This court found numerous prejudicial errors during the course of the trial. We also held that the sentence of life without parole was erroneous because the State had not included in the complaint sufficient facts to put appellant on notice that the application of HRS § 706–601(1)(a) was sought, and had not submitted, to the jury, the necessary factual issues to support such a sentence.

The case was then remanded to the Second Circuit for proceedings consistent with the opinion.

The State, prior to the first trial, had sought, and received, permission from the circuit court to amend the complaint. On remand, however, the State did not again seek to amend the amended complaint. Instead it obtained from the grand jury a new indictment numbered Criminal No. 87–0182(2).

A comparison of the indictment with the amended complaint previously filed reveals significant differences. The complaint in Criminal No. 85–0280(3) had been entitled "Attempted Murder," but the indictment in Criminal No. 87–0182(2) was entitled "Attempted Murder of a Police Officer." The complaint had merely referred to the shooting victim as "Officer Taguma," but the indictment alleged that he was "a peace officer while in the performance of his duties." Finally the complaint had made no reference to HRS § 706–606.1(1)(a), but the indictment specifically referred thereto. The indictment was returned August 5 and filed August 6, 1987.

By a motion dated August 7, 1987 but filed August 12, 1987, the State, without notice to the appellant, moved for a nolle prosequi of the complaint in Criminal No. 85–0280(3). HRS § 806–56 requires that such motions be in writing, and that they state the reasons therefor. The reason stated was that the defendant had been indicted in Criminal No. 87–0182(2). The motion was heard, and granted, ex parte, by the judge who had presided at the original trial.

On December 27, 1988, appellant filed a "Motion to Interpose Plea of Former Jeopardy to Bar Trial."

Hawaii Rules of Penal Procedure (HRPP) 12(c) requires that pretrial motions and requests must be made within 21 days after arraignment, unless the court otherwise directs. On February 3, 1988, appellant had filed a second motion to continue discovery cutoff, pretrial motions deadline and trial. That motion was never ruled on as such. However, on April 12, 1988, the parties had entered into a stipulation for trial date, agreeing that the trial would be held August 15, 1988 with all motions in limine to be heard on August 12, 1988. Subsequently, the parties had again stipulated on July 30, 1988, to continue the trial until January 17, 1989. As we have noted, appellant's motion to interpose a plea of former jeopardy was not filed until December 27, 1988. The court below considered the motion on the merits when it was argued on January 13, 1989 before the Honorable Richard Komo. The State interposed no objection to a consideration of the motion on its merits.

On April 13, 1989, the court below entered its findings of fact, conclusions of law, and order denying the motion to enter a plea of double jeopardy. The court below entered its order granting this interlocutory appeal on May 15, 1989, and the notice of appeal was filed that day.

HRPP 48(a) provides:

> The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

HRPP 47 provides:

> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

HRPP 45(c) provides:

> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 48 hours before the time specified for the hearing unless a different period is fixed by rule or order of the court.

Rules of the Circuit Court of Hawaii (RCCH) 7(a) provides:

> All motions, except when made during a hearing or trial, shall be in writing, shall state the grounds therefor, shall set forth the relief or order sought, and if involving a question of law shall be accompanied by a memorandum in support of the motion. Every motion, except one entitled to be heard ex parte, shall be accompanied by a notice of hearing or of setting for hearing thereof. The motion may be stated in the notice of hearing. If a motion requires the consideration of facts not appearing of record, it shall be supported by affidavit.

HRS § 806–56 provides:

> No nolle prosequi shall be entered in a criminal case in a court of record except by consent of the court upon written motion of the prosecuting attorney stating the reasons therefor. The court may deny the motion if it deems the reasons insufficient and if, upon further investigation, it decides that the prosecution should continue, it may, if in its opinion the interests of justice require it, appoint a special prosecutor to conduct the case and allow the special prosecutor a fee.

Nowhere, in the rules, or the statute, does it provide that a nolle prosequi motion shall be heard without notice and ex parte. In the normal case, of course, the defendant will not oppose the dropping of a charge against him. Moreover, in many cases, the granting of a nolle prosequi, and the filing of a new charge or indictment may not affect the defendant's constitutional rights. But where, as here, jeopardy has attached, the circumstances are

very different. Article I, Section 5 of the Hawaii State Constitution provides:

> No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry.

Section 10 of Article I provides in part:

> nor shall any person be subject for the same offense to be twice put in jeopardy[.]

As the record stood, when we remanded Criminal No. 85–0280(3) to the Second Circuit Court for retrial, appellant could not have been sentenced to life without parole, because the charge did not contain the necessary elements to put him on notice that he was subject to sentencing under HRS § 706–606.1(a).

Fundamental to the right of due process is the right, at least after jeopardy has attached, to have proper notice, and an opportunity to be heard before an impartial tribunal, when one's fundamental rights, such as the right to liberty, are put at risk by an action of the court taken at the request of the prosecution.

We hold that appellant had the right to notice, and to a hearing, before the judge granted the nolle prosequi in Criminal No. 85–0280(3), because he had already been put in jeopardy, and because the motion made it clear that the State, having previously failed to give him notice of the issues which would make him liable to a sentence for life without parole, and having failed to submit those issues to the jury in the previous trial, was now seeking to make him liable to such a sentence, by dropping the previous charge and seeking a new indictment.

Appellant, in these circumstances, had a vital interest in the continued life of the complaint in Criminal No. 85–0280(3), and a right to be heard thereon.

HRS § 701–110, in consonance with our constitutional prohibition of double jeopardy, provides:

When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:

. . . .

(4) The former prosecution was improperly terminated. Except as provided in this subsection, there is an improper termination of a prosecution if the termination is for reasons not amounting to an acquittal, and it takes place after the first witness is sworn but before verdict. Termination under any of the following circumstances is not improper:

(a) The defendant consents to the termination or waives, by motion to dismiss or otherwise, his right to object to the termination.

(b) The trial court finds the termination is necessary because:

(i) It is physically impossible to proceed with the trial in conformity with law; or

(ii) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law; or

(iii) Prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the State; or

(iv) The jury is unable to agree on a verdict; or

(v) False statements of a juror on voir dire prevent a fair trial.

The example of improper termination given in the statute is not the only termination that is legally improper. Once jeopardy has attached, an improper termination can occur even after conviction. *Compare Thigpen v. Roberts*, 468 U.S. 27, 104 S. Ct. 2916, 82 L. Ed. 2d 23 (1984).

Appellant received no notice, and had no opportunity to be heard, on the motion for a nolle prosequi, when the granting of that motion had the effect of making him subject to enhanced sentencing, after he had already been once in jeopardy without being legally subject to such sentencing. Therefore, the order granting the nolle prosequi was a legally improper termination.

The State, prior to the termination, could have proceeded to retry appellant under the amended charge which was the basis for the first trial. It could also have moved to amend the charge, as it had done before. To do so, it would have had to give appellant notice, and there would have had to have been a hearing. Had the judge denied the motion, the trial on the charge, as it stood, could have proceeded. If the judge had granted the motion, he could have allowed the appellant an interlocutory appeal, as he did in this case. The State could also have given notice of the hearing on the motion to nolle prosequi in this case, and the court below could have granted an interlocutory appeal had the motion, after hearing, been granted. In any of those events, the case charged in Criminal No. 85–0280(3) would not have been terminated, and could be tried.

The State instead chose the route of having Criminal No. 85–0280(3) terminated, ex parte, without notice, and without hearing. Criminal No. 85–0280(3) is over by the State's choice. It cannot now be revived.

Under the statutes, and the Constitution of the State of Hawaii, the prosecution, under the present indictment, subjects appellant to double jeopardy, and cannot proceed.

The State has cited federal cases which it claims hold to the contrary of our position here. To the extent that they are contrary,

we decline to follow them as a matter of Hawaii constitutional and procedural law.

We reverse the order below., order a dismissal of the indictment, and a termination of the prosecution.

*David Bettencourt* for appellant.

*James B. Takayesu*, Deputy Prosecuting Attorney, for appellee.